## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

ERIC MCGUIRE SR #597197            CASE NO.  3:19-CV-00245 SEC P

VERSUS            JUDGE TERRY A. DOUGHTY

JIM TUTEN ET AL            MAG. JUDGE KAREN L. HAYES

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment filed by defendants. Because McGuire failed to exhaust administrative remedies, it is recommended that the motion be **GRANTED** and that McGuire's claims be **DISMISSED WITH PREJUDICE**.

### Background

This is a Section 1983 suit brought by Plaintiff Eric McGuire, Sr., a prisoner at Lincoln Parish Detention Center ("LPDC"), for unconstitutional conditions-of-confinement. The Court previously dismissed all of McGuire's claims except for his conditions-of-confinement claims against Jim Tuten, Mike Stone, and Vicky Reeves. [doc. #s 11, 14]. McGuire argues his placement in isolation amounted to cruel and unusual punishment because it harmed his health. [doc. #s 1, 10]. McGuire asks the Court to transfer him to another unit, to investigate the facility and the administration, to arrange mental health counseling, and to award $250,000 for the injuries he sustained in isolation. [doc. #s 1, p.4; 10, p.2].

On November 29, 2019, the defendants filed their motion for summary judgment, arguing that McGuire failed to exhaust the available administrative remedies. [doc. # 23-2]. In addition, the defendants argue that even if McGuire had exhausted his administrative remedies, his claim fails as a matter of law. *Id*.

1

On December 23, 2019, McGuire filed his memorandum in opposition, arguing there is a genuine dispute of material fact. [doc. # 25]. The defendants did not file a reply. Thus, the motion is ripe.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden in a motion for summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits that no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Law and Analysis

**A.  McGuire does not produce any competent summary judgment evidence.**

Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure requires a plaintiff asserting that a fact is genuinely disputed to support that assertion by:

> Citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(C)(1)(4).

28 U.S.C. § 1746 relaxes the requirement for an affidavit and grants an unsworn declaration made under the penalty of perjury the same effect, but only when the unsworn declaration is (1) "in writing of such a person which is subscribed by him," (2) declared "true under the penalty of perjury," and (3) dated. Unsworn documents are not competent summary judgment evidence. *Martin v. John W. Stone Oil Dist.*, 819 F.2d 547, 549 (5th Cir. 1987).

In response to defendants' motion, McGuire filed an opposition brief, accompanied by a statement of material facts. Therein, he contends there are genuine issues for trial but fails to inform the court what facts are in dispute. [doc. # 25, p. 1]. Instead, his statement is comprised of invective directed at defendants. In addition, the motion in which he provides this statement is not made under penalty of perjury, making it incompetent summary judgment evidence.

Thus, the uncontroverted evidence establishes the following facts[1]:

1.  The Lincoln Parish Detention Center has a three-step administrative remedy procedure. The procedure is explained to all inmates at the detention center. *See* Affidavit of Chad Alexander, Exhibit A, and the LPDC Administrative Remedy Procedure, Exhibit A-1.

---

[1] The court's recitation of relevant facts generally tracks defendants' statement of Uncontested Material Facts.

2. The first step of the grievance procedure is to file a grievance within 90 days of the date of the incident that is the subject of the grievance. *Id.*

3. The second step of the grievance procedure is to file an appeal within five days after receipt of the facility's response to the first-step grievance. *Id.*

4. The third step is to file suit. *Id.*

5. Eric McGuire has never filed a second or third-step grievance concerning the allegations made in the lawsuit. *Id. See also* Plaintiff's ARPs, Doc. # 20-6.

6. McGuire never filed a first-step grievance concerning the majority of the allegations made in this lawsuit, including the denial of mental health and other services. *Id.*

7. McGuire was placed in isolation because there was evidence he was not taking his prescribed medication and that he was obtaining high-sodium content commissary items even though he was not supposed to have access to such foods. *Id.*

8. McGuire has been hospitalized at least six times during his confinement as a result of his blood pressure. *Id. See also* Plaintiff's Cell Activity, Exhibit A-3.

9. The smallest cell McGuire was held in was 78 square feet. McGuire was allowed to make phone calls three days per week. *Id.*

10. McGuire's health condition has been serious prior to this period of time in isolation. In July 2018, he was admitted to the ICU in critical condition at North Louisiana Medical Center after complaining about chest pains and having a high blood pressure. [doc. # 20].

**B. Applicable law.**

Pursuant to 42 § U.S.C. 1997(e), as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 § U.S.C. 1997e(a). Exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All "available" remedies must be exhausted, regardless of whether they are speedy and effective. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The pertinent inquiry is not whether the prisoner has pursued his administrative remedies

reasonably and in good faith, but whether he has exhausted all remedies that are available. *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998).

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680 (5th Cir. Dec. 2, 2008)(unpubl.)(citation omitted). Since exhaustion is an affirmative defense, the burden is on the defendants to establish that the plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

A prisoner alleging a constitutionally inadequate condition of confinement must show (1) the condition posed a risk of harm that was "objectively, sufficiently serious," and that (2) the prison official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994). To establish deliberate indifference, the prisoner must show that the officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(internal citations omitted).

### C. McGuire failed to exhaust administrative remedies.

The law is clear that a prisoner must exhaust his administrative remedies before suing under Section 1983. *See, e.g.*, *Stout v. North-Williams*, 476 Fed. Appx. 763, 765 (5th Cir. 2012)(affirming dismissal of prisoner Section 1983 suit where affidavit submitted in support of motion for summary judgment revealed that plaintiff did not exhaust); *Bonner v. Williams*, 67 Fed. Appx. 244

(5th Cir. 2003)(affirming dismissal of Section 1983 suit where plaintiff did not exhaust administrative remedies); *Gonzalez v. Prasifka*, 54 Fed. Appx. 406 (5th Cir. 2002)(affirming dismissal of Section 1983 suit where plaintiff did not exhaust administrative remedies).

LPDC has a three-step administrative process. The uncontroverted evidence shows McGuire did not exhaust his administrative remedies, meaning he cannot bring a Section 1983 claim in federal court. He claims the prison administration did not respond to his grievances but offers no evidence to support this claim, nor does the administration's alleged failure to respond excuse McGuire's failure to exhaust. Thus, the court is compelled to find that there is no genuine dispute as to any material fact and that the defendants are entitled to judgment as a matter of law.

Even assuming *arguendo* that McGuire exhausted his administrative remedies, his claim still fails because he cannot show that his solitary confinement rises to the level of a constitutional violation. In his opposition, McGuire argues defendants isolated him to ensure he would die, not to save his life. But he offers no proof to back up these assertions, nor does he show how the defendants evinced deliberate indifference towards him. The evidence reveals McGuire suffered from the complained of medical condition prior to being placed in isolation, and he was placed in isolation to ensure he took his medications and did not receive food and substances deleterious to his health. As discussed above, to make out a deliberate indifference claim, McGuire has to show the defendants placed him in isolation with knowledge of facts that would indicate his confinement would be harmful to McGuire's health. There are no facts to indicate this. Thus, McGuire's deliberate indifference claim fails as a matter of law.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** defendant Jim Tuten, Mike Stone, and Vicky Reeves' motion for summary judgment be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 6th day of January, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE